**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIANPIN ZHENG, | No. 15-70719 |
| Petitioner, | Agency No. A205-286-354 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Qianpin Zheng seeks review of the Board of Immigration Appeals' (BIA)

determination that his asylum application was untimely and not meritorious. We

have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

facts are familiar to the parties and are restated here only as necessary to resolve the issues raised by the petition for review.

A noncitizen is required to file an asylum application within one year of his arrival unless he shows extraordinary circumstances justifying a delay in filing. 8 U.S.C. § 1158(a)(2). Zheng arrived on Guam in 2007, left his employer in July 2011, and did not file his asylum application until May 2012. Even if Zheng's restrictive working conditions qualified as extraordinary circumstances justifying his initial delay in filing an asylum application, the facts that he did not know English, did not know anyone on Guam, and was misinformed as to his immigration options do not justify his failure to file an application between July 2011 and May 2012. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013) (noting that there is a presumption that waiting more than six months to file an asylum application is not reasonable). Accordingly, the BIA did not err by holding that Zheng's asylum application was pretermitted as untimely.

Because we affirm the BIA's determination that Zheng's asylum application was untimely, we need not, and do not, address the BIA's adverse credibility determination.

The petition for review is **DENIED**.